IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID ALLEN COLLUMS                                           PLAINTIFF

v.                                   CIVIL ACTION NO. 1:15-cv-138-HSO-JCG

RONALD WOODALL, ET AL.                                        DEFENDANTS

**REPORT AND RECOMMENDATION**

BEFORE THE COURT are Defendant Dr. Ronald Woodall's Affirmative Defense and Answer to Complaint (ECF No. 21); Defendant Dr. James Burck's Motion for Summary Judgment for failure to Exhaust Administrative Remedies (ECF No. 22), with accompanying Memorandum in Support (ECF No. 23); and Plaintiff David Allen Collums' response to Burck's Motion (ECF No. 28). Having considered the submissions of the parties and relevant legal authority, the undersigned recommends that Woodall's Affirmative Defenses and Answer to Complaint (ECF No. 21) (which the Court will construe at this juncture as a motion for summary judgment) and Burck's Motion for Summary Judgment (ECF No. 22) should be GRANTED and Plaintiff Collums' Complaint should be DISMISSED because Plaintiff failed to exhaust administrative remedies before filing suit.

I.   **Background**

David Allen Collums is incarcerated with the Mississippi Department of Corrections (MDOC) at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. He filed this action on April 24, 2015, alleging violations of

1

his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1). Proceeding *pro se* and *in forma pauperis*, he asserts that Drs. Ronald Woodall and James Burck violated his constitutional rights by refusing to provide him with a medically prescribed enhanced calorie diet. *Id.* at 4. He seeks $1,000,000 in total damages: $250,000 in compensatory damages from each defendant, and $250,000 in punitive damages from each defendant. *Id.*

Collums was previously housed at the Wilkinson County Correctional Facility (WCCF), where Defendant Burck prescribed him a 3,000 calorie diet on September 9, 2014. *Id.* at 5. Plaintiff claims that this diet was necessary for him to maintain a healthy weight because otherwise,

> I constantly feel sick to the stomach when I get up in the mornings, I also feel weak if I don't eat 3 times a day and have snack bags to eat about 10:00 PM so I don't feel sick when I get up in the mornings before I go to breakfast.

(ECF No. 14, at 1). Sometime after he was transferred to SMCI, where he is currently housed, Defendant Woodall allegedly refused to provide the diet previously prescribed by Defendant Burck, and Defendant Burck refused to force Defendant Woodall to provide the diet. (ECF No. 1, at 4). These actions, claims Collums, constituted deliberate indifference to his constitutional rights. *Id.*

Collums initially sought relief through MDOC's Administrative Remedy Program (ARP), filing a First Step complaint against Dr. Woodall on January 26, 2015. (ECF No. 1, at 3; ECF No. 28). He claims that he did not receive a response to his ARP complaint and therefore filed suit in federal district court instead of proceeding to the Second Step of the ARP. (ECF No. 1, at 3; ECF No. 28). According

2

to the sworn statement of Janice Fountain, the ARP Coordinator at WCCF, Collums never filed an ARP complaint against Dr. Burck. (ECF No. 22-1).

## II. DISCUSSION

### A. Legal Standards

#### a. Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

#### b. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B).

    B. <u>The PLRA's Exhaustion Requirement</u>

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

C. <u>Plaintiff Did Not Exhaust MDOC's ARP</u>

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration. *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program. Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

The material facts of the case are undisputed. In moving for summary judgment, Defendants supplement Collums' own statements of fact with only the sworn affidavit of Janice Fountain. Defendants argue that the facts – as stated by Collums – indicate that he failed to exhaust the ARP before filing suit. Collums contends that his administrative remedies should be deemed exhausted because MDOC failed to respond in a timely manner to his ARP complaint. The Court finds that summary judgment in favor of the Defendants is appropriate on the record. *See Hicks v. Lingle,* 370 F. App'x 497, 498 (5th Cir. 2010) ("Dismissal may be appropriate ... when, on its face, the complaint establishes the inmate's failure to exhaust.").

Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  The Fifth Circuit recently explained that the prison's

failure to timely respond to a complaint does not absolve the prisoner of completing the ARP process:

> This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance. This is true both under the terms of the [ARP] and as a matter of the law of this circuit.

*Wilson v. Epps*, 776 F.3d 296, 301 (2015) (citations omitted).

Collums, therefore, "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP, irrespective of whether the prison responded within the time allotted for rendering step-one responses." *Id.* Even assuming that his claim against Defendant Burck was included in his January 26, 2015 ARP complaint, he still failed to exhaust his administrative remedies before filing suit. Only if Collums had pursued his grievance to Step Two and the prison did not timely respond at that point would the prison's failure to respond exhaust the ARP process. *Id.*

### III.   RECOMMENDATIONS

The undersigned recommends that James Burck's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 22) and Ronald Woodall's affirmative defense of failure to exhaust administrative remedies (ECF No. 21, at 2) be granted and that this case be dismissed without prejudice.

### IV.   NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of the court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred except upon grounds of plain error, from attacking on appeal any proposed factual findings or legal conclusions adopted by the Court to which he did not object. *Douglas v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 27th day of June, 2016.

*s/* *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE